UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Criminal Case No. 13-20673

Ernest Streeter, III,                Sean F. Cox
                                                      United States District Court Judge

    Defendant.
_____/

## ORDER

Defendant Ernest Streeter, III ("Defendant" or "Streeter") was previously convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Streeter was sentenced to the custody of the Bureau of Prisons for a term of 60 months, to be followed by a three-year term of supervised release.

On June 6, 2014, Streeter's Probation Officer filed a Violations Report, asserting that Streeter had violated four different conditions of his supervised release. (Docket Entry No. 3). Violation Number Two in the report asserted that Streeter had violated Standard Condition Number 7, that the "Defendant shall . . . not purchase, possess, [or] use" "any controlled substance." As to that violation, the Report stated that "[o]n December 31, 2013, the offender was arrested by the Westland (Michigan) Police Department for *possession* of Marijuana." (*Id*. at Pg ID 17) (emphasis added). Thereafter, this Court issued a Summons for a show cause hearing to address the alleged violations contained in the report.

This Court held an evidentiary hearing on July 2, 2014, at which time Burke Lange, a police officer with the City of Westland, testified and was cross-examined by Defense Counsel.

1

Officer Lange testified that on December 31, 2013, he stopped a car and Streeter was inside it. Streeter was the passenger in the car. Officer Lange testified that Streeter threw a bag outside of the car, that Officer Lange suspected may contain crack cocaine. He testified that he also found a bag containing marijuana in Streeter's pocket. Officer Lange testified that when he questioned Streeter about the bag he had thrown and the bag that had been found in his pocket, Streeter said there was no crack, just marijuana. He also told Officer Lange he had smoked marijuana earlier. Streeter was arrested on December 31, 2013.

During cross-examination, Defense Counsel asked Officer Lange whether, to his knowledge, Streeter ever tested positive for marijuana in connection with this incident. Officer Lange testified that he was not aware of any such testing having been done.

The Court continued the evidentiary hearing on September 17, 2014, at which time additional witnesses testified and were cross-examined by Defense Counsel.

After the close of the proofs, this Court found Streeter guilty of Violation Numbers 1, 2, and 4. As to Violation Number 2, this Court found Officer Lange to be a credible witness and concluded that Streeter has possessed marijuana on December 31, 2013. The Court scheduled a separate sentencing hearing for October 17, 2014.

On October 1, 2014, Defense Counsel filed a "Motion For Order Allowing Defense Counsel To Inspect And Copy Any And All Federal And State Drug Test Results In The Possession Of The United States Probation Department." (Docket Entry No. 12). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. Moreover, in light of the upcoming October 17, 2014 sentencing date, the Court shall rule upon the motion without awaiting a

response from the Government.

In this motion, Defense Counsel asks this Court to issue an order "allowing Defense Counsel to inspect and copy all federal or state drug test results in the possession of the United States Probation Department." (Docket Entry No. 12 at 1). Defense Counsel asserts that he desires this information for two purposes.

First, Defense Counsel asserts that Streeter's Probation Officer verbally advised him that Streeter had tested negative for marijuana "a number of times" in the past. Defense Counsel asserts that he wishes the testing results "to demonstrate Defendant's compliance with the requirement that he not possess or use drugs while on supervised release." (*Id.* at 2). But the fact that Defendant may have tested negative for marijuana prior to December 31, 2013 is irrelevant for purposes of the October 17, 2014 sentencing. This Court found, after an evidentiary hearing that Defense Counsel concedes was a fair hearing, that Streeter was guilty of Violation Number Two because he possessed marijuana on December 31, 2013.

Second, Defense Counsel appears to wish the requested test results in order to "disprove" that Streeter possessed or smoked marijuana on December 31, 2013. But the evidentiary hearing has concluded and this Court has already found Streeter guilty of Violation Number Two by virtue of possessing marijuana on December 31, 2013. In addition, this Court has already expressly rejected Defense Counsel's credibility arguments as to Officer Lange's testimony.

Further, the Court finds Defendant's reliance on *United States v. Espinoza*, 481 F.2d 553 (5th Cir. 1973) to be misplaced. In that case, the defendant was convicted of distributing heroin. At sentencing, the trial court made a comment that the defendant's record was "bad" as to a history of threats and assaults. There was no mention made of a presentence report and the

defendant's counsel never requested disclosure of the report.

After the defendant was sentenced, his counsel filed a motion seeking "an opportunity to present evidence to rebut the court's statement and apparent presumption that appellant's 'record for threats and assaults was bad.'" *Id*. at 554.  The trial court denied that request.  The United States Court of Appeals for the Fifth Circuit ruled that the defendant was entitled to an adequate opportunity to rebut the alleged erroneous factual assumption that the trial court relied on in imposing sentence.

Unlike the situation in *Espinoza*, however, this Court will not be imposing sentence based on any factual assumptions.  Rather, after having given the parties a full and fair opportunity to present evidence relating to the alleged supervised release violations, this Court credited Officer Lange's testimony and, based upon the evidence presented at the hearings, ultimately concluded that Streeter possessed marijuana on December 31, 2013.

Accordingly, the Court finds that Defense Counsel has not identified any legitimate purpose for the requested test results to be provided prior to sentencing.

Nevertheless, out of an abundance of caution, the Court hereby **ORDERS Streeter's Probation Officer to examine his file in this matter and, if there are any drug testing results as to Streeter from December 31, 2013, or January 1, 2014, those results shall be presented to the Court at sentencing.**

**IT IS SO ORDERED.**

                                                       S/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge

Dated:  October 9, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                            Criminal Case No. 13-20673

Ernest Streeter, III,                                Sean F. Cox
                                                              United States District Court Judge

    Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on October 9, 2014, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager